943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Lavon WILSON, Defendant-Appellant.
 No. 90-6567.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1991.
 
 Before KENNEDY and MILBURN, Circuit Judges, and WILHOIT, District Judge.*
 PER CURIAM:
 
 
 1
 William Lavon Wilson ("defendant") appeals the District Court's denial of his Motion for Judgment of Acquittal due to insufficient evidence. We find the defendant's arguments unpersuasive and AFFIRM.
 
 
 2
 The defendant and four co-defendants were indicted on one count of conspiracy to possess United States Treasury checks stolen from the mail, forgery of payee endorsements on the checks, and passing the forged checks. They were also charged with fourteen counts of aiding and abetting each other in substantive counts relating to the charges in the first count. The co-defendants all pled guilty to the filed charges. Only defendant went to trial. Defendant's first trial ended in a mistrial when the jurors could not agree on a verdict. New counsel was then appointed for the defendant and the case was tried again. The jury found the defendant guilty on all 15 counts.
 
 
 3
 As part of the four co-defendants' plea agreements, they testified against the defendant. During their testimony, three of the co-defendants admitted to drug addiction during the time period covered by the indictment. In addition, one co-defendant admitted previously filing a paternity suit against the defendant. As part of their plea agreements, the charges against them were reduced. The defendant claims that because of these factors, the credibility and reliability of the co-defendants' testimony is suspect and should be disregarded. Since the case against the defendant is based on this testimony, the inadmissibility of the testimony would result in acquittal.
 
 
 4
 A defendant claiming insufficiency of evidence bears a "very heavy burden." United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). A conviction appealed on insufficient evidence grounds will be affirmed if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential element[s] of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The testimony of the four co-defendants in this case establishes the defendant's involvement in the charged crimes. In addition, the testimony of each co-defendant corroborates the testimony of the other co-defendants. Acquittal of the defendant would only be possible if the co-defendants' testimony was disregarded.
 
 
 5
 The role witness credibility attacks play in appellate review is clearly outlined in United States v. Adamo, 742 F.2d 927 (6th Cir.1984), cert. denied, 469 U.S. 1193 (1985):
 
 
 6
 In holding that the trial judge properly denied the motions to acquit made on behalf of each defendant, we stress that attacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence.
 
 
 7
 742 F.2d at 935. The co-defendants' testimony, if believed, provides substantial and competent testimony which supports the defendant's conviction. Therefore, if the jury finds the testimony credible, it is not the role of the appellate court to "weigh the evidence or determine the credibility of witnesses." Witness credibility questions are properly left to the jury. Henderson v. United States, 202 F.2d 400, 403 (6th Cir.1953).
 
 
 8
 We cannot say that the evidence in this case, viewed in the light most favorable to the government, was inadequate to support the jury verdicts. The jury, as trier of fact, judges the credibility of the testifying witnesses. In this case, where the jury was apprised of factors relevant to the credibility of the witnesses, the jury decision must stand. The court did not err in denying the Motion for Judgment of Acquittal. Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States Court for the Eastern District of Kentucky, sitting by designation